# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

In re:  In Proceedings Under Chapter 13

**LINDA S. MIKULASIK**  Case No.: 07-13767

Debtor.  **JUDGE RANDOLPH BAXTER**

## MEMORANDUM OF OPINION AND ORDER

Before this Court is the Objection to Confirmation (the "Objection") filed by the Chapter 13 trustee (the "Trustee") which Linda Mikulasik (the "Debtor") opposes.

This Court acquires core matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(L), 28 U.S.C. § 1334 and General Order No. 84 of the District.

Following a duly noticed hearing and a review of the record in this case, these findings of fact and conclusions of law are hereby rendered.

\*

The Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on May 22, 2007 (the "Petition Date"). The Objection, in pertinent part, objects to any reference in the Debtor's bankruptcy petition to Mikubrown, Inc., a corporation she once owned, as misleading to her corporate creditors. At the hearing held on October 25, 2007, the Trustee and the Debtor stated that the only outstanding issue is whether reference to the corporation is misleading to corporate creditors and should be removed. They agreed to submit the issue for this Court's decision on the basis of their briefs without further oral argument.

The Debtor's petition sets forth her name as an individual. In the space marked "All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):", she

provides "FDBA Mikubrown, Inc dba Treasure Aisle". Among the choices for "Type of Debtor" she checked the box labeled "Individual". For "Nature of Debts", she checked the box identifying her debts as "primarily consumer debts, defined in 11 U.S.C. § 101(8) as 'incurred by an individual primarily for a personal, family, or household purpose'." She signed her petition in the space entitled "Signature(s) of Debtor(s) (Individual/Joint)". The space captioned "Signature of Debtor (Corporation/Partnership)" is blank.

The Debtor scheduled $100,501.55 in total liabilities. See Summary of Schedules. Of this amount, $70,701.55 represents unsecured nonpriority debt. See Schedule F. She also identified $63,189.05 in assets derived primarily from two items: her residence valued at $58,000.00 and an insurance policy. See Schedules A and B, respectively. Although she identified the nature of her debts as primarily consumer debts, she also scheduled $33,346.39 of corporate obligations and marked $26,741.19 of that amount as disputed. See Schedule F.

Additionally, in response to Question 18 on her Statement of Financial Affairs, the Debtor stated the name of her former business, Mikubrown, Inc dba Treasure Aisle, and identified the address and nature of the business. On her petition, it states that business was conducted from 1995 to 2005 and records from the office of the Secretary of the State of Ohio reflect that the business was incorporated in 1996.

The Debtor is presently employed by National City Bank as an adjustor, a position she has held for one year. According to her schedules, her gross monthly salary is $2,766.00 for an annual salary of $33,192.00. See Schedule I, Line 1. Additionally, she receives $600.00 per month for rent from a roommate. Id., Line 13. Including the rental income, her gross annual income is $40,392.00.

\*\*

The issue before this Court is whether reference on the Debtor's bankruptcy petition and schedules to a corporate entity she once owned is misleading to the corporate creditors and therefore should be removed.

\*\*\*

The Trustee objects to the Debtor's reference to a corporate entity and requests that the reference be removed with notice to all creditors that the reference has been removed. He argues that the reference would lead creditors to believe that the corporation has sought bankruptcy relief and that an automatic stay is in place as to the corporate debt. He contends that corporate debt obligations should only be included on bankruptcy schedules if the Debtor personally guaranteed them. The Trustee avers that the Debtor is hiding from liability to corporate creditors and also leading those creditors to believe that the corporation is protected under the automatic stay. The Trustee states that the Debtor's petition is misleading because the corporate creditors are not being sent a copy of the schedules showing that the Debtor disputes the corporate debts and will not pay them. The Trustee asserts that these creditors only received a notice, listing both the name of the corporation and that of the Debtor, stating that they may be a creditor of a debtor that filed for bankruptcy relief. Thus, the Trustee believes that the corporate creditors will not understand that an automatic stay is in place only with respect to the Debtor, individually.

The Debtor opposes the Objection raised by the Trustee. She states that the Chapter 13 Plan was filed in good faith and provides creditors with all that they would receive in a Chapter 7 liquidation. She asserts that she listed the corporation on her petition and schedules to disclose the fact that she once did business as a corporation. Additionally, she argues that scheduling the

3

corporate debts on her bankruptcy petition promotes judicial economy. If a dispute arises regarding whether she has personal liability on the corporate debts, this Court will make the determination, thereby bringing all of the Debtor's potential personal liability into this case. Furthermore, the Debtor contends that there is no reason to believe that a corporate creditor would be confused about the identity of the individual debtor in this Chapter 13 case, and therefore, reference to the corporation will not mislead the corporate creditors.

****

Section 109(e) of the Bankruptcy Code provides as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

*11 U.S.C. § 109(e).*

Significantly, the Bankruptcy Code distinguishes between an "individual with regular income" and a "corporation". See *11 U.S.C. §§ 101(30)* and *(9)*, respectively. An "individual with regular income" is defined as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title." *11 U.S.C. §§ 101(30).* The Bankruptcy Code does not separately define "individual". By contrast, the Bankruptcy Code provides that the term "corporation":

4

> (A) includes—
>
> (i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;
> (ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;
> (iii) joint-stock company;
> (iv) unincorporated company or association; or
> (v) business trust; but
>
> (B) does not include limited partnership.

*11 U.S.C. §§ 101(30).*

Federal Rule of Bankruptcy Procedure 1005 requires inclusion of certain information about a debtor to appear in the caption of a petition:

> name, employer identification number, last four digits of the social security number, any other federal tax identification number, and all other names used within six years before filing the petition.

*Fed. R. Bankr. P. 1005.*

Additionally, Federal Rule of Bankruptcy Procedure 1007 provides for the filing of certain lists, schedules, and statements, in pertinent part, as follows:

> (a)(1) In a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms. If the debtor is a corporation, other than a governmental unit, the debtor shall file with the petition a corporate ownership statement containing the information described in Rule 7007.1. The debtor shall file a supplemental statement promptly upon any change in circumstances that renders the corporate ownership statement inaccurate.
>
> ***

5

> (b)(1) Except in a chapter 9 municipality case, the debtor, unless the court orders otherwise, shall file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs, prepared as prescribed by the appropriate Official Forms.

*Fed. R. Bankr. P. 1007.*

*****

Section 109(e) of the Bankruptcy Code limits relief pursuant to chapter 13 to an individual debtor. See *11 U.S.C. § 109(e)*. If a corporation seeks bankruptcy relief, it may do so pursuant to either chapter 7, See *11 U.S.C. § 109(b)*, or chapter 11, See *11 U.S.C. § 109(d)*.[1]

Herein, the Debtor filed for bankruptcy relief as an individual. She signed all of the required bankruptcy forms as an individual. She also made reference to her former business, Mikubrown, Inc dba Treasure Aisle. Additionally, she responded to both sets of questions on her Statement of Financial Affairs. She answered questions 1 through 18 that are required of all debtors as well as questions 19 through 25 that are reserved for debtors who are or have been in business.

The trustee, as the party objecting to plan confirmation, bears "the initial burden of producing evidence in support of his objection" while the "debtor bears the ultimate burden of persuasion on the issue of compliance with the confirmation criteria contained in § 1325(a)". *In re Henry*, 328 B.R. 529, 538 (Bankr. S.D. Ohio 2004), quoting *In re Carver*, 110 B.R. 305, 311 (Bankr. S.D. Ohio 1990).

The Bankruptcy Code clearly distinguishes between an individual and a corporation. See *11 U.S.C. §§ 101(30)* and *(9)*, respectively. It is undisputed that an individual operating a

---

[1] There is no record presented to this Court of any petition for bankruptcy relief filed by the corporation, Mikubrown, Inc dba Treasure Aisle.

6

business may seek bankruptcy relief pursuant to chapter 13 of the Bankruptcy Code where the business is a proprietorship and the property and debts of the business are owned by the proprietor. *In re Pearson*, 773 F.2d 751,754 (6th Cir. 1985). An incorporated business, however, is treated differently for purposes of filing bankruptcy. Herein, the Debtor's business was incorporated and ineligible for relief chapter 13. See *Forestry Products, Inc. v. Hope*, 34 B.R. 753, 754-55 (M.D. Ga. 1983). A corporation is treated as a legal entity separate from its shareholders and may file for bankruptcy on its own behalf pursuant to either chapter 7, See *11 U.S.C. § 109(b)*, or chapter 11, See *11 U.S.C. § 109(d)*.

A corporate debtor has different filing requirements than an individual debtor. For example, a corporate debtor would be required to disclose the corporate form of its organization in the space on the petition marked "Type of Debtor" and the signature on the petition would be made by an authorized agent on behalf of the corporation. As stated above, the Debtor categorized herself as an individual on her petition and signed her petition as an individual. It is evident from her petition that she satisfied the filing requirements for an individual as opposed to a corporation.

Thusly, the Trustee's concern that the corporate creditors will confuse the Debtor's filing of a individual Chapter 13 bankruptcy petition for that of a corporate bankruptcy is misplaced. His assertion that "[t]he Debtor should not be permitted to utilize the corporate form on the one hand to protect herself from individual liability for the Corporation's debts, then on the other hand nullify the existence of that Corporation to avoid reckoning with the obligations incurred by the Corporation while it was a viable entity" also misapplies the reasoning of the Sixth Circuit in *In re RCS Engineered Products Co., Inc.*, 102 F.3d 223 (6th Cir. 1996). The *RCS* court opined:

07-13767-jps    Doc 22    FILED 01/10/08    ENTERED 01/10/08 15:24:41    Page 7 of 10

> The general rule is that the corporate veil is pierced only for the benefit of third parties, and never for the benefit of the corporation or its stockholders. Furthermore, an alter ego claim is not by itself a cause of action. Rather, it is a doctrine which fastens liability on the individual who uses a corporation merely as an instrumentality to conduct his or her own personal business, and such liability arises from fraud or injustice perpetuated not on the corporation but on third persons dealing with the corporation. The corporate form may be disregarded only where equity requires the action to assist a third party.
>
> Accordingly, courts apply the alter ego theory and disregard a company's separate corporate identity for the benefit of third parties, e.g., creditors of the corporation, who would suffer an unjust loss or injury unless the shareholders or the parent corporation were held liable for the subsidiary's debts.

Id. at 226.

The *RCS* case involved a corporate debtor that was a wholly owned, independent subsidiary of its parent company. In that case, the creditors filed a petition for involuntary bankruptcy against RCS pursuant to Chapter 7 of the Bankruptcy Code and then a state court action contending that the parent company of RCS should be held accountable for RCS's debts under an alter ego theory.

The present case is readily distinguishable from the *RCS* case. Herein, the Debtor is not a corporate debtor. She filed a voluntary petition as an individual pursuant to Chapter 13 of the Bankruptcy Code. Furthermore, there has been no evidence presented that the Debtor used her corporation as an alter ego to conduct her personal affairs or that the creditors for the corporation would "suffer an unjust loss" unless she was held personally liable for the corporate debts. Thusly, the Trustee's reliance on the *RCS* opinion is not well-premised.

8

The Trustee has not supported his contentions with any persuasive legal authority and there is nothing in the Bankruptcy Code that prohibits an individual debtor from listing disputed corporate debts. As one court explained,

> To not list such claims leaves an individual debtor open to collection litigation from corporate creditors. By listing these claims in the individual case, the debtor forces the creditor of the corporation to assert whatever claim it has against the individual and get it resolved in the individual bankruptcy case, rather than to require the debtor, post-discharge, to engage in expensive litigation to resolve the issue, where the debtor may well be right on the issue of liability but not have the means to defend that position. In other words, it is simply good practice to avoid the time, expense and stress of future litigation by putting the creditors of the corporation on notice that the debtor does not consider those debts to be individual debts. And those creditors are thereby put on notice and given an opportunity to file a proof of claim in the individual case.

*In re Hall-Dudney*, Ch. 7 Case No. 98-17570-SS, slip op. at 6 (D. N.M. Jan. 17, 2001).

The reference on the Debtor's petition and schedules to Mikubrown, Inc., a corporation she once owned, promotes full disclosure and judicial economy. The notice to the corporate creditors sufficiently apprises them of a Chapter 13 bankruptcy filing in which they might have a claim. See *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (June 1, 2007). The notice also states that all documents filed in the case are available for their review. Id. Upon review, a corporate creditor will observe that the Debtor filed an individual bankruptcy petition containing schedules of corporate debts for which she disputes personal liability. Then, the corporate creditor may file a proof of claim as it deems appropriate. It is not plausible that a corporate creditor would misunderstand the individual nature of this Chapter 13 petition as only unincorporated individual debtors may obtain bankruptcy relief pursuant to Chapter 13 of the Bankruptcy Code.

9

See *11 U.S.C. § 109(e)*. Thusly, no prejudice has been demonstrated herein to show any adverse impact upon affected corporate creditors.

******

Accordingly, reference on the Debtor's individual bankruptcy petition and schedules to a corporate entity she once owned is not misleading to the corporate creditors and therefore need not be removed. The Trustee's Objection is overruled. Further proceedings on Plan Confirmation will be duly noticed. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this 10th day of
January 2008

_____
JUDGE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY COURT

10